Mark J. Payne (State Bar No. 157989)
mpayne@rutan.com
Kenneth J. Zielinski (State Bar No. 258555)
kzielinski@rutan.com
Seth Ort (State Bar No. 286357)
sort@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Plaintiff
M S INTERNATIONAL. INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M S INTERNATIONAL, INC., an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRAMOD PATEL, an individual, ANKIT SHAH, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:18-cv-00152-JVS-JPR<br><br>**APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS PRAMOD PATEL AND ANKIT SHAH**<br><br>Assigned to Hon. James V. Selna<br><br>Date:          October 1, 2018<br>Time:          1:30 p.m.<br>Location:     Santa Ana, Courtroom 10C |

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18

-1-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

<u>**NOTICE OF APPLICATION AND APPLICATION**</u>

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on October 1, 2018 at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable James V. Selna, United States District Judge of the Central District of California at 411 West 4th Street, Santa Ana, CA 92701, Courtroom 10C, Plaintiff M S International, Inc. ("MSI") will and hereby does apply, pursuant to Federal Rule of Civil Procedure 55, for a default judgment against Defendants Pramod Patel and Ankit Shah in the total amount of $2,049,550.32.  This Application seeks entry of a permanent injunction and an award of appropriate incurred costs ($2,026.22) and attorneys' fees ($57,893.00).

This Application is based on this Notice of Application and Application, Plaintiff's supporting Memorandum of Points and Authorities, the Declarations of Kenneth Zielinski and Rajesh Shah in Support of Plaintiff s Application for Default Judgment, all pleadings and papers on file with the Court in this action, and on such other matters as may be presented to the Court at or before the hearing of this Application.


Dated:  August 31, 2018                     RUTAN & TUCKER, LLP
                                            MARK J. PAYNE
                                            KENNETH J. ZIELINSKI
                                            SETH ORT


                                            By: /s/ Seth Ort
                                            _____
                                            Seth Ort
                                            Attorneys for Plaintiff
                                            M S INTERNATIONAL, INC.

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18                -2-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ...................................................................................1

II.    STATEMENT OF FACTS ......................................................................1

III.   PROCEDURAL HISTORY ....................................................................2

IV.    ARGUMENT ..........................................................................................3

      A.     MSI is Entitled to Default Judgment ..........................................5

             1.     MSI Will Suffer Prejudice Absent Default Judgment...............5

             2.     MSI's Claims are Meritorious and Well-Founded ....................5

             3.     The Damage to the MSI is Irreparable .....................................12

             4.     No Potential Dispute of Material Facts and No
                 Excusable Neglect .....................................................................12

             5.     Likelihood of a Decision on the Merits ....................................13

      B.     MSI is Entitled to a Default Judgment Pursuant to Rule 37
          of the Federal Rules of Civil Procedure Rule .............................13

      C.     This Court has Jurisdiction to Enter Default Judgment
          against Defendant.......................................................................13

      D.     MSI is Entitled to Injunctive Relief ..........................................14

      E.     MSI is Entitled to its Costs and Reasonable Attorneys'
          Fees ............................................................................................15

      F.     MSI is Entitled to Punitive Damages .........................................16

V.     CONCLUSION .....................................................................................16

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18

-i-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1

## TABLE OF AUTHORITIES

2

Page(s)

3

FEDERAL CASES

4

*Action S.A. v. Marc Rich & Co.*,
5
    951 F.2d 504 (2nd Cir. 1991) ............................................................................. 16

6

*craigslist, Inc. v. Naturemarket, Inc.*,
7
    694 F. Supp. 2d 1039 (N.D. Cal. 2010) ............................................................. 13

8

*craigslist, Inc. v. Real Works*,
    No. 08-5072, 2009 U.S. Dist. Lexis 132432, at *8-9 (N.D. Cal. Oct.
9
    29, 2009) ............................................................................................................... 14

10

*Discovery Commc'ns*, 172 F. Supp. 2d at 1291-1292 ............................................. 15

11

*eBay Inc. v. Merc Exchange, LLC*,
12
    547 U.S. 388 (2006) ............................................................................................ 14

13

*Eitel v. McCool*,
14
    782 F.2d 1470 (9th Cir. 1986) ......................................................................... 4, 5

15

*Elektra Entm't Grp. Inc. v. Crawford*,
16
    226 F.R.D. 388 (C.D. Cal. 2005) ....................................................................... 13

17

*Geddes v. United Financial Group*,
18
    559 F.2d 557 (9th Cir. 1977) ............................................................................ 1, 6

19

*Nexon Am., Inc. v. Kumar*,
    No. 11-6991, 2012 U.S. Dist. Lexis 47294 (C.D. Cal. Apr. 3, 2012).................... 4
20

21

*PepsiCo v. Triunfo-Mex, Inc.*,
    189 F.R.D. 431 (C.D. Cal. 1999)..................................................................... 5, 12
22

23

*PepsiCo, Inc. v. Cal. Security Cans*,
    238 F. Supp. 2d 1172 (C.D. Cal. 2002)........................................................... 5, 12
24

25

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003).............................................................. 5, 12, 15
26

27

*Rio Props, v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ............................................................................ 15

28

Rutan & Tucker, LLP
*attorneys at law*

2669/101660-0049
12503732.3 a08/31/18

-ii-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

**Page(s)**

*Taylor Made Golf Co. v. Carsten Sports*,
    175 F.R.D. 658 (S.D. Cal. 1997) ......................................................... 16

*TeleVideo Sys., Inc. v. Heidenthal*,
    826 F.2d 915 (9th Cir. 1987) ................................................................ 4

**CALIFORNIA CASES**

*Miller v. Hassen*,
    182 Cal.App.3d 370 (1960) .................................................................. 16

**FEDERAL STATUTES**

15 U.S.C.
    section 1117(a) ..................................................................................... 15

18 U.S.C.
    section 1030 ............................................................................................ 9
    section 1836(b) ....................................................................................... 6
    section 1839 ............................................................................................ 6
    section 1839(3) ....................................................................................... 6

28 U.S.C.
    section 1404 ............................................................................................ 2

**STATE STATUTES**

Business & Professions Code
    sections 17200, et seq. ......................................................................... 11
    section 17203 ........................................................................................ 11

Civil Code
    section 1709 ............................................................................................ 9
    section 1710 ............................................................................................ 9

Penal Code
    section 496 .............................................................................................. 8
    section 496(c) .......................................................................................... 4
    section 502 ................................................................................... 7, 8, 16
    section 502(e)(4) ................................................................................... 16

Rutan & Tucker, LLP
*attorneys at law*

2669/101660-0049
12503732.3 a08/31/18

-iii-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Page(s)**

**FEDERAL RULES**

Federal Rules of Civil Procedure
    rule 4(h) ............................................................................................. 2
    rule 8(b)(6) ......................................................................................... 4
    rule 12(a) ........................................................................................ 1, 2
    rule 37 .............................................................................................. 13
    rule 37(b)(2)(vi) ............................................................................... 13
    rule 37(d)(1) ..................................................................................... 13
    rule 54(c) .......................................................................................... 14
    rule 54(d)(1) ..................................................................................... 15
    rule 55 ................................................................................................ 4
    rule 55(a)-(b) ..................................................................................... 4

**LOCAL RULES**

Local Rules
    rule 54 .............................................................................................. 16

Rutan & Tucker, LLP
*attorneys at law*

2669/101660-0049
12503732.3 a08/31/18

-iv-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

By this Application and based on the allegations of its Complaint, MSI respectfully requests judgment against Defendants.  MSI is entitled to such relief because Defendants have failed to respond to this litigation or file a responsive pleading as required by Fed. R. Civ. P. 12(a), the Clerk of the Court entered default against Defendants on June 5, 2018, and MSI's claims are meritorious.

## II.   STATEMENT OF FACTS

The following facts are derived from MSI's well-pleaded complaint, and therefore must be admitted as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)

MSI is a leading nationwide distributor of flooring, countertop, wall tile and hardscaping products with more than 20 distribution centers throughout the United States and Canada.  Dkt. # 1 ("Compl.") at ¶ 11.

MSI has spent over 40 years, and continues to spend considerable time, effort and resources building, compiling and maintaining the trade secrets that contribute to its success, including customer and vendor lists; customer information and preferences; pricing data; product information and sourcing; contract details; financial information, including information relating to pricing, sales, margin and profitability, discounts, and credit terms; sources of material; and competitors (collectively, "MSI's Trade Secrets").  MSI's Trade Secrets also include a proprietary database, which tracks imports from suppliers around the world, and which can be used to quickly and efficiently identify all of the suppliers for different types of stones. MSI maintains its Trade Secrets in several ways, including on its computers. Compl. at ¶ 12.

MSI requires employees to acknowledge and agree to policies for the protection of MSI Trade Secrets; policies and procedures that were signed and acknowledged by Defendants Patel and Shah. Compl. at ¶ 17.

Shah worked with MSI from 2013 until August 25, 2017, when he resigned to

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18

-1-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

begin working at Century Marble & Granite, a direct competitor of MSI. Compl. at 20. Patel worked for MSI from 2009 until September 11, 2017, when he resigned to join Shah at Century Marble & Granite. *Id.* ¶ 19. Both Shah and Patel secured employment with Century Marble & Granite and, while still working for MSI, proceeded to copy and steal MSI's computer files and Trade Secrets for their own benefit and use at Century Marble & Granite. *Id.* at ¶ 22.

MSI is informed and believes that, during their employment at MSI and thereafter, Patel and Shah used and continue to use the information they illegally obtained from MSI to contact MSI's existing and potential customers to solicit their business on behalf of Century Marble & Granite and for Defendants' mutual benefit, at the expense of MSI. *Id.* at ¶ 32.

Because Defendants have refused to respond to discovery, it is difficult for MSI to accurately calculate the exact amount of damages suffered as a result of Defendants' conduct. However, MSI estimates it has suffered losses in excess of $500,000. The amount of judgment sought is set forth in the attached declaration of Rajesh Shah.

III. **PROCEDURAL HISTORY**

MSI personally served Defendant Patel on February 4, 2018, and Defendant Shah on February 6, 2018 pursuant to Fed. R. Civ. P. 4(h). Dkt. #11-12.

On March 26, 2018, Defendants filed a motion to dismiss and/or transfer venue pursuant to 28 U.S.C. 1404. Dkt. # 14. The motion was denied on April 30, 2018 Dkt. # 24 and 24-1. Pursuant to Fed. R. Civ. P. 12(a), Defendants' response to the Complaint was due May 14, 2018. Defendants have not answered MSI's Complaint. Declaration of Kenneth Zielinski ("Zielinski Decl.") ¶ 8. MSI accordingly secured the entry of default against Defendant on June 5, 2018. Dkt. #30, 30-1, 30-2, and 31.

On June 10, 2018 counsel for Defendants emailed Plaintiff's counsel and requested that MSI set aside the default. On June 15, 2018 MSI explained that, based on the ongoing harm to MSI, MSI would not agree to set aside the default. Zielinski

Rutan & Tucker, LLP
*attorneys at law*

2669/101660-0049
12503732.3 a08/31/18

-2-

Case No. 8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1   Decl. ¶ 10.  MSI also asked Defendants to consider stipulating to judgment. *Id.*

2        MSI never received any further response from Defendants or their attorneys.

3   Defendants did not respond about whether they would or would not agree to stipulate

4   to judgment.  Defendants did not file a motion to set aside the default or give notice

5   of any such motion.[1]  Defendants have not answered the complaint.  Defendants have

6   not responded to discovery.  *Id.* at  ¶¶ 11-12.

7   **IV.   <u>ARGUMENT</u>**

8        The Court should enter a default judgment:

9        (1) ordering Defendants to return all of MSI's Trade Secrets and other property

10  in their possession, custody or control;

11       (2) permanently enjoining Defendants and all persons or entities acting in

12  concert with them from directly or indirectly:

13          a.   Obtaining, using, or disclosing any of MSI's Trade Secrets or the

14  other data belonging to MSI, for any purpose whatsoever;

15          b.   Accessing, retrieving, copying, deleting, destroying, altering, or

16  disseminating any hard or electronic copies of MSI's Trade Secrets, data or

17  documents;

18          c.   For a period of at least two years, doing business with any

19  customer, vendor or supplier of MSI;

20          d.   Using or disclosing MSI's Trade Secrets to solicit or accept

21  business from MSI's customers;

22       (3) ordering Defendants to deliver to MSI for destruction any and all

23  merchandise or other items in their possession, custody, or control that would

24  otherwise violate the injunction;

25

26

27

28

---

[1]   After this motion was drafted, the morning of August 31, 2018, Defendants filed a motion to set aside the default.  This motion was only filed after MSI's counsel emailed Defendants' counsel, informing Defendants' counsel that this application was to be filed on August 31, 2018. *See* Zielinski Decl ¶¶ 11-12; Declaration of Seth Ort attached to MSI's application to file documents under seal, ¶ 3.

Rutan & Tucker, LLP
*attorneys at law*

2669/101660-0049
12503732.3 a08/31/18

-3-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1    (4) awarding MSI $667,098.74 in damages, including lost profits,[2]

2    (5) awarding MSI $16,084.70 in restitution and disgorgement of ill-gotten

3 gains[3];

4    (6) awarding MSI treble damages of $1,366,366.90 pursuant to Cal. Penal Code

5 section 496(c);

6    (7) awarding MSI $57,893.00 in reasonable attorneys' fees;

7    (8) awarding MSI prejudgment and post-judgment interest at the maximum

8 legal rate; and

9    (9); awarding MSI $2,026.22 in costs.[4]

10    Federal Rule of Civil Procedure 55 establishes a two-step process for entering

11 a default judgment consisting of:   (1) entry of default, and (2) entry of default

12 judgment. See Fed. R. Civ. P. 55(a)-(b); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th

13 Cir. 1986) (noting "the two-step process required by Rule 55"). "Upon default, the

14 defendant's liability generally is conclusively established, and the well-pleaded

15 factual allegations in the complaint—except those pertaining to damages—are

16 accepted as true." *Nexon Am., Inc. v. Kumar*, No. 11-6991, 2012 U.S. Dist. Lexis

17 47294, at *6 (C.D. Cal. Apr. 3, 2012). *See also TeleVideo Sys., Inc. v. Heidenthal*,

18 826 F.2d 915, 917-18 (9th Cir. 1987) (same); Fed. R. Civ. P. 8(b)(6) ("An allegation

19 — other than one relating to the amount of damages — is admitted if a responsive

20 pleading is required and the allegation is not denied"). Here, step one of the process

21 is complete, as the Clerk has entered Defendant's default. *See* Dkt. No. 31. MSI is

22

---

23 [2]   Though MSI believes it will continue to lose profits on a monthly basis due to Defendants' continued conduct, it does not seek future lost profits at this time, but
24 reserves the right to request such damages in the future.
[3]   MSI provided an estimate of damages based on the information currently available
25 to it, and reserves the right to revise its assessment. MSI has been unable to obtain all of the information necessary to properly calculate damages because Defendants have
26 not participated in any discovery. For example, this calculation does not include an analysis of all compensation and benefits provided to Defendants, and MSI reserves
27 the right to request such benefits or compensation if judgment is not entered at this time.
[4]   MSI reserves the right to seek additional amounts for punitive damages under
28 MSI's second and fifth causes of action if judgment is not entered at this time.

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18                -4-                Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1  therefore entitled to the entry of default judgment because the well-pleaded factual

2  allegations in the Complaint establish Defendants' liability, as fully discussed below.

3        **A.**    **MSI is Entitled to Default Judgment**

4        The decision to grant or deny an application for default judgment is within the

5  Court's discretion.  *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal.

6  1999).  "In applying th[e] discretionary standard, default judgments are more often

7  granted than denied."  *Id.*  Courts are guided by the following factors when

8  determining whether to grant default judgment:  (1) the possibility of prejudice to the

9  plaintiffs; (2) the merits of plaintiffs substantive claim and the sufficiency of the

10  complaint; (3) the sum of money at stake in the action; (4) the possibility of a dispute

11  concerning material facts and whether the default was due to excusable neglect; and

12  (5) the likelihood of obtaining a decision on the merits, which is favored.  *Eitel*,

13  782 F.2d at 1471-72.  Here, the enumerated factors weigh heavily in favor of granting

14  default judgment and awarding the requested relief.

15               1.    <u>MSI Will Suffer Prejudice Absent Default Judgment</u>

16        MSI will be prejudiced without the entry of a default judgment because it will

17  have no other recourse to stop Defendants' continued use of MSI's Trade Secrets—

18  Trade Secrets that Defendants unlawful stole from MSI.  *See, e.g., PepsiCo, Inc. v.*

19  *Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("[p]otential

20  prejudice to Plaintiffs favors granting a default judgment" where denying the

21  requested default judgment would leave Plaintiffs "without other recourse for

22  recovery"); *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499

23  (C.D. Cal. 2003) ("Plaintiff would suffer prejudice if the default judgment is not

24  entered because Plaintiff would be without other recourse for recovery [and] . . .

25  Plaintiff will likely suffer great prejudice through the loss of sales and diminution of

26  goodwill if default is not entered").

27               2.    <u>MSI's Claims are Meritorious and Well-Founded</u>

28        In evaluating the merits of the claims stated in the complaint, courts must accept

Rutan & Tucker, LLP
*attorneys at law*

2669/101660-0049
12503732.3 a08/31/18

-5-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

plaintiffs allegations, except for those pertaining to damages, as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). The following analysis derived from MSI's Complaint establishes that each of MSI's six causes of action are meritorious and well-founded.

**a.** Misappropriation of Trade Secrets in Violation of 18. U.S.C. § 1836(b)

To prevail on a claim for Misappropriation of Trade Secrets, MSI must prove that: (1) MSI possessed "trade secrets" as defined by 18 U.S.C. § 1839; (2) Defendants acquired the trade secret through improper means. 18 U.S.C. § 1839.

Here, MSI possessed "trade secrets" and Defendants acquired them through improper means. MSI's Trade Secrets included customer and vendor lists; customer information and preferences; pricing data; product information and sourcing; contract details; financial information, including information relating to pricing, sales, margin and profitability, discounts, credit terms; sources of material; and competitors; and a proprietary database. Compl. at ¶ 12. MSI's Trade Secrets are properly classified as Trade Secrets under 18 U.S.C. § 1839 because: (1) the trade secrets derive independent economic value (actual or potential) because they are not generally known to another person who can obtain economic value from the disclosure or use of the information and also are not readily ascertainable through proper means by another person who could obtain economic value from the disclosure or use of the information; and (2) MSI takes steps to protect and preserve the confidentiality of its Trade Secrets, by adopting safeguards, policies and procedures on the dissemination and use of the Trade Secrets. *See* 18 U.S.C. § 1839(3). Compl. at ¶¶ 14-15.

Defendants acquired MSI's trade secrets through improper means. "Improper means" is defined as including "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." 18 U.S.C. § 1839. Defendants Shah and Patel acquired MSI's trade secrets through improper means by: (1) taking MSI's Trade Secrets without

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18

-6-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

permission (i.e. theft); (2) misrepresenting that they had been devoting themselves faithfully to the business interests of MSI but were actually working for their own interests and an undisclosed business—Century Marble & Granite—to compete directly against MSI; and (3) breaching their duty to maintain the secrecy of the trade secrets—a duty established by their acknowledgment of MSI's various Trade Secret policies and procedures. Compl. at ¶¶ 17,  22-34, 66.

### b.   Violation of California Penal Code section 502

To prevail on a under California Penal Code section 502, MSI must prove that Defendants: (a) accessed and without permission altered, damaged, deleted, destroyed, or otherwise used any data, computer, computer system, or computer network in order to (A) devise or execute any scheme or artifice to defraud, deceive or extort, or (B) wrongfully control or obtain money, property or data; or (b) accessed and without permission took, copied, or made use of any data from a computer, computer system, or computer network, or took or copied any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network; or (c) without permission used or caused to be used computer services"; or (d) accessed and without permission added, altered, damaged, deleted, or destroyed any data, computer software, or computer programs which reside internal or external to a computer, computer system, or computer network; or (e) without permission accessed or causes to be accessed any computer, computer system, or computer network. Cal. Penal Code § 502.

Here, MSI alleges, based on information and belief, that Defendants knowingly and without permission: (a) accessed the MSI Computer Systems; (b) altered, damaged, deleted, destroyed, and used the MSI data and the MSI Computer Systems as part of their scheme to defraud and deceive MSI; (c) accessed, took, copied, and made use of MSI's data from the MSI Computer Systems (d) used MSI's computer services; and (e) accessed, altered, damaged, deleted, and destroyed MSI's data which resided internal and external to the MSI Computer Systems. Comp. at ¶ 56.

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18

-7-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1    More specifically, Defendants accessed MSI's computer systems and emailed

2  MSI's trade secret information to personal email accounts on numerous occasions

3  during working hours with the intention of using such trade secrets to support their

4  competing business activities, to jump-start their competing sales activities, and to

5  solicit MSI's existing customers, suppliers, and business opportunities, so that they

6  would not have to invest their own time, money, skill and effort in acquiring and

7  developing the MSI data they removed from MSI without permission. Comp. ¶¶ 26-

8  29, 56.

9                    c.    Violation of California Penal Code section 496

10    To prevail under California Penal Code section 502, MSI must prove that

11  Defendants knowingly received property that had been obtained through theft or

12  extortion, or sold, withheld, concealed, or aided in concealing, stolen property from

13  the owner.

14    Here, Patel and Shah fraudulently converted and used MSI's property for their

15  own benefit, with the intent to deprive MSI of its use of the property.  Specifically, in

16  2017 Patel and Shah received salary payments, benefits, and personal property

17  including but not limited to computers, iPads, and cell phones from MSI, and Patel

18  and Shah also used MSI's company vehicles during that time as well.  Patel and

19  Shah's use of this property was deceptive because Defendants misrepresented that

20  they had been, were currently, and in the future would continue to devote themselves

21  faithfully to the business interests of MSI when in actuality they were working for

22  their own interests and an undisclosed business—Century Marble & Granite—to

23  compete directly against MSI.  Defendants deceived MSI with the intent to persuade

24  MSI to give them possession of money and property, and access to records and

25  computer files, that rightfully belonged to MSI.  MSI did in fact give Patel and Shah

26  possession of MSI's money (in the form of salary and other benefits) and property in

27  reliance on Defendants' false pretenses and concealed plans.  In return, and before

28  announcing their resignations from MSI, Defendants secretly and without permission

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18

-8-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1  or authorization stole MSI's computer files, which they knew belonged to MSI, and

2  then Patel and Shah concealed these actions. Compl. at ¶¶ 64-66.

3        d.   Violation of the Federal Computer Fraud And Abuse Act, 18

4             U.S.C. § 1030

5        To prevail under the  Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the

6  "CFAA"), MSI must establish that Defendants: (1) intentionally accessed a computer

7  without authorization or exceeded authorized access; (2) obtained information from a

8  "protected computer," with "protected computer" being defined as a computer which

9  is used in or affecting interstate or foreign commerce or communication.

10       Here, Defendants: (1) knowingly and intentionally accessed MSI's computers

11 without authorization, and Patel and Shah knowingly and intentionally exceeded their

12 limited authorized access; (2) obtained information from MSI's computers—

13 specifically MSI's trade secrets; and (3) MSI's computers, which were password-

14 protected to restrict unauthorized access, were used in interstate commerce (as

15 evidenced by the fact that the computer servers were located in California, but

16 Defendants worked in Illinois).  Compl. ¶ 71.

17       e.   Fraud and Deceit – Violation of Civ. Code §§ 1709, 1710

18       To prevail under California Civil Code §§ 1709 and 1710, MSI must prove that

19 Defendants willfully deceived MSI with the intent to induce MSI to alter its position

20 to MSI's injury. "Deceit" is defined as either: (1) the suggestion, as a fact, of that

21 which is not true, by one who does not believe it to be true; (2) the assertion, as a fact,

22 of that which is not true, by one who has no reasonable ground for believing it to be

23 true; (3) the suppression of a fact, by one who is bound to disclose it, or who gives

24 information of other facts which are likely to mislead for want of communication of

25 that fact; or (4) a promise, made without any intention of performing it.

26       Here, Patel and Shah made promises without any intention of performing them.

27 Patel and Shah induced MSI to enter into an agreements whereby MSI paid Patel and

28 Shah hourly salaries, bonuses, and other employment benefits, and gave them access

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18                    -9-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1  to MSI's Trade Secrets and other valuable information, equipment and resources, with
2  false promises and misrepresentations that Patel and Shah had devoted, were
3  devoting, and would devote their full time and energy to their work for MSI, and that
4  Patel and Shah would honor the promises to comply with MSI's policies, including
5  for the protection of MSI's Trade Secrets and business interests. Patel and Shah did
6  not intend to keep their promises, and in fact did not do so—instead, they devoted
7  their time and resources, which were promised to MSI, to a direct competitor for the
8  benefit of that competitor. Patel and Shah intended MSI to alter their position—they
9  knew that MSI would not have continued their employment or paid their
10 compensation or allowed them to access and use its information and property if MSI
11 had known that Patel and Shah intended to and in fact breached their promises to MSI.
12 MSI actually relied on Patel's and Shah's misrepresentations when it continued their
13 employment, paid them valuable compensation and benefits, and gave them access to
14 MSI's property and information. Compl. ¶ 79

15     Patel's and Shah's misrepresentations were of material facts—if MSI
16 had known Patel's and Shah's true intent, MSI would not have continued their
17 employment, MSI would not have paid Patel and Shah any of the compensation they
18 received, and MSI would not have given Patel and Shah access to any of MSI's
19 computers, data, records or materials. Compl. ¶ 80

20     Furthermore, in about mid-2017, if not earlier, Patel and Shah began willfully
21 and secretly using MSI's property, equipment, resources, including Patel's and Shah's
22 time, and funds to benefit their own interests and Century Marble & Granite's, the
23 competing business that they went to work for after leaving MSI. Patel and Shah
24 misled MSI in this regard and concealed their actions. Patel and Shah did so for their
25 own personal use, benefit, and enrichment and for the benefit and enrichment of
26 Century Marble & Granite and the other defendants.  Patel and Shah undertook these
27 actions pursuant to a conspiracy and agreement between and among themselves and
28 the other defendants. Compl. ¶¶ 81-82

Rutan & Tucker, LLP
attorneys at law
2669/101660-0049
12503732.3 a08/31/18
-10-
Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

At the time that Patel and Shah engaged in these activities, Patel and Shah intended to and actually did mislead MSI and conceal the actual facts from MSI in furtherance of their plan to misappropriate and use MSI's data and resources, all to MSI's damage, and to the benefit of Defendants. Defendants acted with intent to defraud MSI and to prevent MSI from discovering and/or interfering with their wrongful conduct. MSI justifiably relied on Patel's and Shah's false and misleading statements, omissions, and acts to conceal the actual facts as MSI relied on Patel's and Shah's fulfillment of their employment duties to MSI. Compl. ¶ 83. As a result of Defendants' fraud upon MSI, MSI estimates damages consisting of lost profits and salary and benefits fraudulently obtained by Shah and Patel. *See* Decl. of Rajesh Shah ("Shah Decl.").

> f.   <u>Unfair Competition Under Business & Professions Code §§ 17200, et seq.</u>

To prevail under California's Business & Professions Code §§ 17200, et seq., MSI must prove that Defendants engaged in unfair competition, defined as unlawful, unfair, or fraudulent business acts.

Here, Defendants engaged in unlawful, unfair, and fraudulent business acts by stealing MSI's trade secrets, illegally accessing MSI's computer systems, and committing fraud and deceit, all with the intention of gaining an unfair advantage in the marketplace for their employer Century Marble & Granite and the other Defendants. Compl. ¶¶ 88-89

Furthermore, MSI's request for injunctive relief pursuant to California Business & Professions Code § 17203 is meritorious. Unless enjoined by the Court, Defendants will continue to engage in the acts, conduct and omissions set forth above, which have resulted, and will continue to result in, irreparable injury to MSI. MSI has no adequate remedy at law for such acts and threatened acts. Therefore, MSI is entitled to a permanent injunction, restraining and enjoining Defendants and their agents, employees, attorneys and representatives, and anyone acting at their direction

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18

-11-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1  or on their behalf, from engaging in further conduct constituting unfair competition.

2  Compl. ¶ 91.

3          3.      The Damage to the MSI is Irreparable

4          "[T]he court must consider the amount of money at stake in relation to the

5  seriousness of Defendant's conduct." *Triunfo-Mex*, 238 F. Supp. 2d at 1176.  Here,

6  upon information and belief, Defendants have continued to engage in willful and

7  intentional misappropriation of MSI's trade secrets. Compl. at ¶¶ 32, 51.  Defendants'

8  misappropriation has caused, and will likely continue to cause, irreparable harm to

9  MSI. *See id.*

10          Though the true extent of damage caused by Defendants misappropriation

11  cannot be quantified, MSI estimates that it has suffered lost profits due to customer

12  loss in the amount of $667,098.74, and the loss of $16,084.70 in benefits and

13  compensation paid to Defendants Shah and Patel. *See* Shah Decl.,  ¶¶  5-12.

14          The gravity of Defendants' misconduct and the resulting harm to MSI therefore

15  justify entry of a default judgment.

16          4.      No Potential Dispute of Material Facts and No Excusable Neglect

17          As Defendants have failed to answer the Complaint, thereby defaulting, there

18  is no dispute about the material facts of this case because all allegations of the

19  Complaint, except for those pertaining to damages, are taken as true. *See, e.g., Philip*

20  *Morris*, 219 F.R.D. at 500 ("Here, Plaintiff filed a well-pleaded complaint alleging

21  the facts necessary to establish its claims, and the court clerk entered default against

22  the Defendant.  Thus, no dispute has been raised regarding the material averments of

23  the complaint").

24          There is no evidence of excusable neglect in the record, including because MSI

25  properly served Defendants with all necessary court documents. *See* Dkt. No. 11, 12;

26  In fact, Defendants were indisputably aware of this lawsuit because they filed a

27  motion to dismiss for lack of personal jurisdiction and/or transfer venue in the

28  alternative. *See* Dkt. No. 14.  Furthermore, Defendants' counsel was aware of the

Rutan & Tucker, LLP
*attorneys at law*

2669/101660-0049
12503732.3 a08/31/18                                                  -12-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

entry of default, but Defendants never filed a motion to set aside the default. *See* Zielinski Decl., ¶ 10.[5] Entry of default judgment is appropriate because Defendants' default was not due to excusable neglect, but rather due to Defendants' avoidance of this lawsuit. "[I]t is unlikely Defendants' failure to appear and litigate this matter was based on excusable neglect" where Defendants were both properly served  and previously communicated with the Court. *craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)

> 5.   Likelihood of a Decision on the Merits

Finally, while cases should be decided on the merits whenever possible, Defendants' failure to defend this action has made a decision on the merits impractical, if not impossible. *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).   Thus, "termination of a case before hearing the merits is allowed when[] a defendant fails to defend an action" and default judgment should be granted. *Id*.

**B.   MSI is Entitled to a Default Judgment Pursuant to Rule 37 of the Federal Rules of Civil Procedure Rule**

Rule 37 provides that permissible sanctions against a party for failing to respond to discovery includes "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(d)(1); Fed. R. Civ. P. 37(b)(2)(vi). Here, Plaintiffs have never responded to discovery requests, making default judgment an appropriate sanction. *See* Zielinski Decl. ¶¶ 11-12.

**C.   This Court has Jurisdiction to Enter Default Judgment against Defendant**

In denying Defendants' motion to dismiss MSI's complaint for lack of personal jurisdiction or, in the alternative transfer venue, this Court has already ruled that it has

---

[5]   After this motion was drafted, the morning of August 31, 2018, Defendants filed a motion to set aside the default.  This motion was only filed after MSI's counsel emailed Defendants' counsel, informing Defendants' counsel that this application was to be filed on August 31, 2018. *See* Zielinski Decl ¶¶ 11-12; Declaration of Seth Ort attached to MSI's application to file documents under seal, ¶ 3

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18

-13-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1  jurisdiction over the instant matter. *See* Dkt. No. 24. Specifically, the Court held that

2  it may exercise specific jurisdiction over Defendants because Defendants

3  purposefully directed their activities toward MSI in California, MSI's claims arise out

4  of Defendants' forum-related activities, and the exercise of jurisdiction was not

5  unreasonable. *Id.*

6  ## D.    MSI is Entitled to Injunctive Relief

7        Courts have held that "it is appropriate to grant an injunction on an application

8  for default judgment" if the requested relief is consistent with the demands of the

9  Complaint. *craigslist, Inc. v. Real Works*, No. 08-5072, 2009 U.S. Dist. Lexis

10  132432, at *8-9 (N.D. Cal. Oct. 29, 2009); *see also* Fed. R. Civ. P. 54(c) ("A default

11  judgment must not differ in kind from, or exceed in amount, what is demanded in the

12  pleadings."). Permanent injunctive relief is appropriate when (1) the plaintiff risks

13  suffering irreparable harm; (2) monetary remedies are inadequate to compensate for

14  the plaintiffs injury; (3) the balance of hardships favors the plaintiff; and (4) the public

15  interest would not be disserved by an injunction. *eBay Inc. v. Merc Exchange, LLC*,

16  547 U.S. 388, 391 (2006).

17        The Court should grant permanent injunctive relief as requested in the

18  Complaint because all factors strongly favor MSI. As a preliminary matter, MSI fully

19  and adequately pleaded the grounds for, and its entitlement to, a permanent injunction

20  against Defendant in the Complaint. The injunctive relief requested below is identical

21  to the injunctive relief contained in the Complaint's Prayer for Relief. Compl. at

22  Prayer, ¶ 2. As for the equitable factors: (1) Defendants will continue to be able to

23  wrongfully utilize MSI's trade secrets to unfairly compete with MSI, suffering

24  continuing irreparable harm if the injunction is not granted; (2) injunctive relief is

25  necessary to halt Defendant's continued misappropriation of MSI's valuable Trade

26  Secrets; (3) the injunction will only prevent Defendants from engaging in unlawful

27  behavior; (4) MSI will have no other recourse against Defendants if an injunction is

28  not granted; and (5) the injunction will protect MSI from continued unlawful

Rutan & Tucker, LLP
attorneys at law

2669/101660-0049
12503732.3 a08/31/18

-14-

Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1  misappropriation of trade secrets and unfair competition. *See Philip Morris*, 219
2  F.R.D. at 502 ("Failure to grant the injunction would needlessly expose the Plaintiff
3  to the risk of continuing irreparable harm").

4      Accordingly, MSI requests that the following permanent injunction be entered:
5  An injunction ordering Defendants Pramod Patel and Ankit Shah and all persons or
6  entities acting in concert with them from directly or indirectly:

7      i.    obtaining, using, or disclosing any of MSI's Trade Secrets or the other
8          data belonging to MSI, for any purpose whatsoever;

9      ii.    accessing, retrieving, copying, deleting, destroying, altering, or
10         disseminating any hard or electronic copies of MSI's Trade Secrets, data
11         or documents;

12     iii.    For a period of at least two years, doing business with any customer,
13         vendor or supplier of MSI;

14     iv.    Using or disclosing MSI's Trade Secrets to solicit or accept business
15         from MSI's customers;

16 **E.    <u>MSI is Entitled to its Costs and Reasonable Attorneys' Fees</u>**

17     MSI is entitled to its costs as the prevailing party.  15 U.S.C. § 1117(a); Fed.
18 R. Civ. P. 54(d)(1) ("[unless a federal statute, these rules, or a court order provides
19 otherwise, costs . . . should be allowed to the prevailing party.").

20     MSI is also entitled to recover its reasonable attorneys' fees because (1) the
21 Complaint, which is accepted as true, alleged that this was an exceptional case due to
22 Defendant's intentional and willful misconduct; and (2) Defendant failed to appear
23 and has disregarded this litigation.  Compl., *generally; Rio Props, v. Rio Int'l*
24 *Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (upholding an award of attorney's fees
25 solely because, "by entry of default judgment, the district court determined, as alleged
26 in [plaintiff s] complaint, that [defendants] acts were committed knowingly,
27 maliciously, and oppressively, and with an intent to . . . injure [plaintiffs].");
28 *Discovery Commc'ns*, 172 F. Supp. 2d at 1291-1292 ("a case may be considered

Rutan & Tucker, LLP
attorneys at law
2669/101660-0049
12503732.3 a08/31/18
-15-
Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS

1  exceptional where the defendants disregard the proceedings and do not appear.");
2  *Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 663 (S.D. Cal. 1997)
3  ("because the defendant has failed to appear, plaintiff may request an award of
4  reasonable attorney fees").

5      As set forth in the Declaration of Kenneth Zielinski, Plaintiff's counsel has
6  expended $57,893.00 in attorneys' fees in this action, and MSI requests that the Court
7  award that amount in judgment.  If the Court requests additional briefing, MSI will
8  submit a motion in compliance with Local Rule 54.

9      **F.    MSI is Entitled to Punitive Damages**

10      Punitive damages are authorized under Plaintiff's second cause of action for
11  Violation of California Penal Code section 502, and its fifth cause of action for fraud
12  and deceit. *See* California Penal Code § 502(e)(4) (". . . the court may additionally
13  award punitive or exemplary damages."); *Miller v. Hassen*, 182 Cal.App.3d 370, 376
14  (1960) (awarding punitive damages for intentional malicious conduct in action for
15  fraud and deceit); *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 509 (2nd Cir.
16  1991) (awarding punitive damages in default judgment).  MSI does not request
17  punitive damages at this time, but reserves the right to request punitive damages if
18  judgment is not entered.

19  **V.   CONCLUSION**

20      For the foregoing reasons, MSI respectfully requests that the Court enter default
21  judgment against Defendants in the form of the attached Proposed Order.

23  Dated:  August 31, 2018        RUTAN & TUCKER, LLP
24                                 MARK J. PAYNE
                                   KENNETH J. ZIELINSKI
                                   SETH ORT

26                                 By: /s/ Seth Ort
27                                 Seth Ort
                                   Attorneys for Plaintiff
28                                 M S INTERNATIONAL, INC.

Rutan & Tucker, LLP
attorneys at law
2669/101660-0049
12503732.3 a08/31/18
-16-
Case No.  8:18-cv-00152-JVS-JPR
APPLICATION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS