UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS)  Order Granting in Part and Denying in Part
Plaintiff's Application for Default Judgment and Denying
Defendants' Motion to Set Aside Entry of Default**

Plaintiff M S International, Inc. ("MSI") filed an application for default judgment on August 31, 2018.  Docket No. 40.  The same day, Defendants Pramod Patel ("Patel") and Ankit Shah ("Shah") (together, "Defendants") filed a motion to set aside entry of default.  Docket No. 36.  MSI filed an opposition to Defendants' motion to set aside default, but Defendants did not oppose MSI's application for default judgment.  Docket No. 47.

For the following reasons, the Court **denies** Defendants' motion to set aside entry of default, and the Court **grants in part** and **denies in part** MSI's application for default judgment.

## I. BACKGROUND

### A.    Factual Background

MSI alleges the following.   MSI is a nationwide distributor of flooring, countertop, wall tile and hardscaping products, headquartered in Orange, California, with over 20 distribution centers through the United States and Canada.  Compl., Docket No. 1 ¶ 11.  Defendants are former MSI employees who worked in various customer service and sales positions.  Id. ¶¶ 5–6.  In that capacity, MSI entrusted Defendants with access to MSI's computers, property, and business materials solely for the benefit of MSI in

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

connection with their assigned employment duties.  Id.  Defendants' access to MSI's information and property was expressly limited to accessing and using it for the exclusive benefit of MSI.  Id. ¶¶ 19–20.

In the course of its business, MSI has developed and maintained trade secrets, including customer and vendor lists, customer information and preferences, pricing data, product information and sourcing, contract details, financial information relating to pricing, sales, margin, profitability, discounts and credit terms, sources of material, and competitor information.  Id. ¶ 12.  MSI also maintains a proprietary database which tracks imports from suppliers around the world, and which can be used to quickly and efficiently identify all the suppliers for different types of stones.  Id.  MSI maintains its trade secrets in several ways, including on its computers.  Id.  MSI has taken steps to protect its trade secrets by adopting safeguards, policies, and procedures on their dissemination and use.  Id. ¶ 15.  For example, MSI restricts access to its customer and vendor information, including requiring all employees who use computers with access to this information to use a password.  Id.

MSI also maintains employment policies for the protection of its trade secrets, which Defendants agreed to comply with.  Id. ¶ 17.  Specifically, Defendants agreed to comply with the following, or substantively similar, written policies:

> I understand that, in performance of my job duties with MSI, I may be exposed to MSI's trade secrets and confidential information.  I understand that such proprietary information includes . . . Customers lists, Customer preferences . . . Financial information, including information related to pricing, sales, profits, discounts, etc., Information about employees, including compensation . . . Pricing information . . . .

> I will keep MSI's trade secrets and confidential information, whether or not prepared or developed by me, in the strictest confidence.

> I will not use or disclose such trade secrets or confidential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |

| | |
|---|---|
| Title | M S International, Inc. v. Pramod Patel, et al. |

> information to others without MSI's written consent, except
> when necessary to perform my job.
>
> When my employment with MSI ends, for whatever reason,
> I will promptly deliver to MSI all originals and copies of all
> documents, records, software programs, media, and other
> materials containing any of MSI's trade secrets or
> confidential information.

Id. ¶ 17(a)–(d); Declaration of Rajesh Shah ("Shah Decl."), Docket No. 40-2, Ex. A. Upon termination of employment, MSI further reminds its employees of their obligations not to retain, use, or disclose MSI's trade secrets and to return all company property. Compl. ¶ 18.

Ankit Shah was employed at MSI from 2013 to August 25, 2017, when he resigned without notice to work for Century Marble & Granite ("Century"), a direct competitor of MSI. Id. ¶ 19–20. Pramod Patel was employed with MSI from 2009 to September 11, 2017, when he also resigned without notice. Id. ¶ 19. Although Patel told MSI he was resigning to move back to India, he subsequently joined Shah at Century. Id. Defendants both secured employment with Century prior to departing from MSI, and concealed their plans from MSI while continuing to lead MSI to believe that Defendants could be trusted as loyal employees. Id. ¶ 22. Defendants concealed their plans to leave MSI for Century so that they could secretly access MSI's computers and other resources to copy and steal MSI's computer files and trade secrets for their own benefit, for Century's benefit, and against MSI's interests. Id. ¶¶ 22, 31, 32.

Before their employment with MSI ended, Defendants copied and sent certain MSI files containing trade secret information to their own personal email accounts during working hours without permission from MSI. Id. ¶ 23, 33. The copied and stolen files include spreadsheets and files containing customer information and pricing information. Id. ¶ 24. For example, on July 22, 2017, Patel accessed and used confidential MSI sales analysis data to create a file including customer names, customer contact information, credit information, purchasing information, and payment information. Id. ¶ 26; Shah Decl., Docket No. 42-2, Ex. B. He then used MSI's computer system to send the information from his MSI email account to his personal email account. Compl. ¶ 26. On

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
| Title | M S International, Inc. v. Pramod Patel, et al. | | |

August 17, 2017, Shah did the same thing.  Id. ¶ 27; Shah Decl., Docket No. 42-3, Ex. C. On August 18, 2017, Shah accessed MSI's Quartz price list and used MSI's computer systems to make a copy of that list.  Compl. ¶ 28; Shah Decl., Docket No. 42-4, Ex. D. He then used MSI's computer system to email that list to his personal account.  Compl. ¶ 28.  On August 25, 2017, Patel accessed confidential payroll information of an MSI employee, and then emailed that information from his MSI email account to his personal email account.  Id. ¶ 29; Shah Decl., Docket No. 40-6, Ex. E.  Defendants are still in possession of, and continue to benefit from, MSI's valuable business information which they are using to solicit and steal customers and business opportunities from MSI. Compl. ¶ 34.

MSI filed suit against Defendants on January 26, 2018.  See generally id.  The Complaint alleges six causes of action: (1) misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b); (2) violation of California Penal Code § 502; (3) violation of California Penal Code § 496; (4) violation of the Federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (5) fraud and deceit in violation of California Civil Code §§ 1709–10; and (6) unfair competition in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.  Id. ¶¶ 42–91.

**B.    Procedural Background**

MSI personally served Patel on February 4, 2018, and Shah on February 6, 2018. Docket Nos. 11, 12.  On March 26, 2018, Defendants filed a motion to dismiss for lack of personal jurisdiction and/or transfer venue, which the Court denied.  Docket No. 24. Defendants' response to the Complaint was due May 14, 2018, but Defendants never filed a response.  Zielinski Decl., Docket No. 40-10 ¶ 8.  MSI thus secured entry of default against Defendants on June 5, 2018.  Docket Nos. 30, 31.  Defendants have yet to respond to the Complaint.  Zielinksi Decl., Docket No. 40-10 ¶¶ 11–12.  Defendants have also failed to file a notice of interested parties.  Id. ¶ 3.

On May 23, 2018, MSI served discovery requests to Defendants, with responses due June 28, 2018.  Id. ¶ 12, Ex. J.  Defendants have not served responses to the discovery requests or participated in the discovery process.  Id. ¶ 12.  Defendants' initial disclosures under Federal Rule of Civil Procedure 26 were due on March 24, 2018, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

Defendants failed to serve them until August 10, 2018.  Zielinksi Decl., Docket No. 47 ¶ 7, Ex. E.

On June 10, 2018, Defendants' counsel emailed MSI's counsel and requested that MSI set aside default; MSI rejected the request on June 15, 2018.  Zielinksi Decl., Docket No. 40-10 ¶ 10.  On August 30, 2018, MSI emailed Defendants to notify them that MSI would be filing an application for default judgment; Defendants did not respond, but the next morning filed their own motion to set aside entry of default.  Ort Decl., Docket No. 44-1, Ex. 1.  MSI filed its planned application for default judgment the same day.  Docket No. 40.

## II. LEGAL STANDARDS

### A.    Motion to Set Aside Default

Under Federal Rule of Civil Procedure 55(c), a district court "may set aside an entry of default for good cause."  The party moving to set aside the entry of default bears the burden of demonstrating good cause.  TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001).  Courts consider three factors in analyzing whether a defaulting party has shown good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether lifting the default would prejudice the plaintiff.  Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004).  A sufficient finding against the movant on any one factor negates good cause.  Id.

### B.    Application for Default Judgment

#### 1.    Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure.  Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint.  Fed. R. Civ. P. 54(c).  Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form.  Fed. R. Civ. P. 55(a).  Lastly, if a defaulting party has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when the clerk entered a default; (2) who the clerk entered the default against; (3) whether the defaulting party is an infant or incompetent; (4) whether the defaulting party is a member of the U.S. military; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Rule 55(b)(2). L.R. 55-1.

2. Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the defendant's default was because of excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**III. MOTION TO SET ASIDE ENTRY OF DEFAULT**

**A.     Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (emphasis in original) (quoting TCI Group, 244 F.3d at 697). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional.'" TCI Group, 244 F.3d at 697. Rather, a defendant's conduct should be deemed culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. at 698.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 18-00152 JVS (JPRx)                     Date     November 26, 2018

Title     M S International, Inc. v. Pramod Patel, et al.

Here, the Court finds that Defendants' conduct was culpable for the purposes of a motion to set aside entry of default. Defendants' argument that they "acted in good faith and made efforts to comply with deadlines and have now submitted the requisite documents" is unsupported. App., Docket No. 36 at 6. Defendants have made no effort to comply with deadlines. Defendants never filed a notice of interested parties, an answer, or a proposed version of either. Zielinski Decl., Docket No. 47 ¶ 3. They have yet to serve discovery responses. Id. ¶ 6. Moreover, Defendants served their initial disclosures three months late. Id. ¶ 7, Ex. E. Defendants have been aware of this case from the beginning, as evidenced by their denied motion to dismiss and/or transfer venue filed in March 2018, and have been aware of the entry of default since June 10, 2018, at the latest, when Defendants' counsel emailed MSI's counsel to request that MSI set aside default. Zielinski Decl., Docket No. 40-10 ¶ 10. Still, Defendants delayed filing their motion to set aside default until almost three months later, only after learning of MSI's imminent motion for default judgment. Id. ¶ 11. Finally, Defendants' good faith argument is undercut by inconsistent responses regarding representation. Defendants' counsel first stated that he represented Century, but when asked if he would accept service of a subpoena on behalf of Century, he stated "I do NOT represent Century Marble and Granite. Never have." Zielinksi Decl., Docket No. 47 ¶ 4, Exs. B–C.

Defendants' do not present a "credible, good faith explanation negating any intention to take advantage of the opposing party." TCI Group, 244 F.3d at 697. Defendants' sole explanation for their failure to comply with deadlines, answer the Complaint, or respond to discovery is that "[c]oordinating the submission of required disclosures, complying with discovery requests, and other things associated with defending this case has been hampered by . . . geographical issues, change in counsel, and travel, which caused delays and missed deadlines." Arif Decl., Docket No. 37 ¶ 5. Defendants point to the fact that they live and work in Chicago, their counsel lives in Kansas, and they had to find new local counsel when their former local counsel withdrew in April 2018. Id. ¶ 3. Defendants also point to the fact that Patel traveled to India in May 2018, further delaying their defense. Id. ¶ 4.

The above explanation is insufficient to establish excusable neglect. Furthermore, Defendants' statement that the issues with their defense "have now been corrected and complied with" is untrue. Mot., Docket No. 36 at 5. Defendants' counsel is clearly aware of the Federal Rules of Civil Procedure and the requirements that they impose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |

| | |
|---|---|
| Title | M S International, Inc. v. Pramod Patel, et al. |

Defendants have been aware and able to defend themselves in this litigation from the start, but have not answered the Complaint or responded to discovery requests. Nor have Defendants opposed MSI's application to enter default judgment. Furthermore, the more this litigation is delayed, the more time Defendants have to use MSI's trade secrets to unfairly compete. Finally, Defendants' good faith is undercut by their inconsistent responses regarding representation, further delaying litigation of this case.

**B.    Meritorious Defense**

A party seeking to set aside the entry of default must allege sufficient facts that, if true, would constitute a defense. Mesle, 615 F.3d at 1094 (citing TCI Group, 244 F.3d at 700). This burden is "not extraordinarily heavy." TCI Group, 244 F.3d at 700. "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945–46 (9th Cir.1986) (citation omitted).

Here, Defendants argue that they have a meritorious defense because they "had permission to access and retrieve the documents for which [they] are accused of unlawfully accessing." Mot., Docket No. 36 at 6; see also Shah Decl., Docket No. 38 ¶ 1; Patel Decl., Docket No. 39 ¶ 1. The Court finds this statement insufficient to establish a meritorious defense. The proposition that Defendants had permission to access and retrieve the documents at issue is conclusory and unsupported by evidence or factual context. Defendants do not indicate the source or extent of their permission. Furthermore, Defendants present no defense as to their use of that information to compete with MSI, conduct key to the claims at issue. Finally, even if Defendants had permission to access and retrieve certain information, that in and of itself would still not constitute a meritorious defense to the receipt of stolen property, fraud, or UCL claims.

**C.    Prejudice to Plaintiff**

To constitute prejudice, the harm that would result from setting aside the entry of default must be something more than delay or the costs associated with the litigation itself. TCI Group, 244 F.3d at 701. Merely "being forced to litigate on the merits" is not considered prejudice. Id. Examples of prejudice include "loss of evidence, increased

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

difficulties of discovery, or greater opportunity for fraud or collusion." Id. (internal quotation marks and citation omitted).

Here, Defendants argue conclusorily that MSI is not harmed in any way by the delay in this litigation. Mot., Docket No. 36 at 6. MSI argues in opposition that reopening default will grant Defendants more opportunity to delay prosecution of this action so as to continue misappropriating MSI's trade secrets to unfairly compete. Opp'n, Docket No. 47 at 11. Based on this alleged ongoing harm, the Court agrees that the setting aside default would prejudice MSI by providing greater opportunity to exploit MSI's trade secrets.

In sum, Defendants' conduct has been culpable, Defendants have not sufficiently presented a meritorious defense, and vacating default would prejudice MSI. Accordingly, the Court denies Defendants' motion to set aside entry of default.

## IV. APPLICATION FOR DEFAULT JUDGMENT

### A. Procedural Requirements

MSI satisfies the procedural requirements for default judgment against Defendants. In the Complaint, MSI pursues six causes of action. Compl., Docket No. 1. MSI's application for default judgment mirrors the Complaint, except it no longer seeks punitive damages. App., Docket No. 40 at 16. Defendants were provided notice of the application for default judgment as required by Federal Rule of Civil Procedure 55(b)(2). Zielinski Decl., Docket No. 47 ¶ 15. MSI complied with Local Rule 55-1 by submitting a declaration stating that Defendants are not minors, incompetent, or in the military. Id. ¶¶ 13–14. As required, the declaration states that the Clerk entered default against Defendants on June 5, 2018. Id. ¶ 9. Therefore, MSI has met the procedural requirements.[1]

---

[1] To enter default judgment, the Court must also determine that it has subject matter jurisdiction over the action and personal jurisdiction over the Defendants. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). The Court already ruled that it has subject matter and personal jurisdiction over the instant matter in its denial of Defendants' motion to dismiss for lack of jurisdiction and/or transfer venue. Docket No. 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |

| | |
|---|---|
| Title | M S International, Inc. v. Pramod Patel, et al. |

**B.    Eitel Factors**

1.    Possibility of Prejudice to MSI

Under the first Eitel factor, a court needs to examine whether a plaintiff will experience prejudice if he does not receive a default judgment. 782 F.2d at 1472. If, absent a default, a plaintiff has no remedy, then he will suffer prejudice. Philip Morris USA, Inc. v. Castworld Prod., Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003); PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Here, both Defendants are in default. Therefore, absent a default judgment, Plaintiffs will be entirely denied recovery. Furthermore, Defendants have refused to participate in the discovery process. Thus, this factor weighs in favor of entry of default judgment.

2.    Merits of MSI's Substantive Claims and Sufficiency of the Complaint

The second and third Eitel factors require that a plaintiff states a claim sufficient to recover. PepsiCo, 238 F. Supp. 2d at 1175.

a.    Misappropriation of Trade Secrets under the DTSA

MSI brings its trade secret misappropriation claim under the federal DTSA, 18 U.S.C. § 1836 et seq. Compl. ¶¶ 42–51. The DTSA creates a cause of action for the "owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). "A 'trade secret' includes 'all forms and types' of information that derives value from being secret and that the owner took reasonable measures to keep secret." Wang v. Golf Tailor, LLC, No. 17-CV-00898-LB, 2017 WL 2861111, at *4 (N.D. Cal. July 5, 2017) (quoting 18 U.S.C. § 1839(3)(A), (B)).[2]  "'Misappropriation'

_____

[2] In full, the DTSA defines "trade secret" as:

[A]ll forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

consists of (a) 'acquisition of a trade secret' by a person who knows or should know the secret was improperly acquired or (b) 'disclosure or use of a trade secret of another without express or implied consent.'" Id. (quoting 18 U.S.C. § 1839(5)(A), (B)).  The DTSA thus "contemplates three theories of liability: (1) acquisition, (2) disclosure, or (3) use" of a trade secret.  Id. (citing 18 U.S.C. § 1839(5)).

MSI adequately alleges that the information Defendants acquired falls within the definition of "trade secret" under the DTSA.  MSI alleges that Defendants misappropriated customer and vendor lists, customer information and preferences, pricing data, product information and sourcing, contract details, financial information, sources of material, and information on competitors.  Compl. ¶¶ 12, 19, 20, 24, 26–29.  This type of information plausibly derives independent economic value by being not generally known or readily ascertainable by competitors.  Furthermore, MSI alleges that it takes steps to protect and preserve the confidentiality of its trade secret information.  For example, MSI alleges that it restricts access to its customer and vendor information by requiring all employees who use computers with access to this information to use a password.  Id. ¶ 15.  MSI also alleges that it maintains employee policies, which Defendants agreed to comply with, preventing use or disclosure of MSI's trade secret information without MSI's written consent except as necessary to perform the employee's job.  Id. ¶ 17; Shah Decl., Docket No. 42-1 ¶ 2, Ex. A.  Moreover, MSI alleges that it reminds employees of their obligation not to retain, use, or disclose MSI trade secrets and to return all company

---

compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—

(A) the owner thereof has taken reasonable measures to keep such information secret; and

(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

18 U.S.C. § 1839(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 18-00152 JVS (JPRx)                    Date     November 26, 2018

Title        M S International, Inc. v. Pramod Patel, et al.

property, including trade secret information, upon termination of employment.  Compl. ¶ 18.

MSI also adequately alleges acquisition by "improper means," which is necessary to state a claim for misappropriation on a theory of acquisition under the DTSA.  18 U.S.C. § 1839(5)–(6).  The DTSA defines "improper means" of acquisition to include "theft, bribery, misrepresentation, breach or inducement of a breach to maintain secrecy, or espionage through electronic or other means," but not to include "reverse engineering, independent derivation, or any other lawful means of acquisition."  18 U.S.C. § 1839(6).  MSI alleges that Defendants acquired the trade secret information without permission, exceeding the bounds of their authorized access.  Compl. ¶ 23.  MSI also alleges that Defendants misrepresented that their loyalty lay solely with MSI, when they were actually working for their own interests and the interests of Century, an undisclosed competitor.  Id. ¶ 25.  These misrepresentations were material because MSI alleges plausibly that it would not have granted Defendants access to the trade secret information had it known of their plans.  Id. ¶ 23.  Finally, MSI alleges that Defendants breached their duty to maintain the secrecy of MSI's trade secrets, as established by the signed employee acknowledgment forms in which Defendants agreed not to disclose, use, or retain MSI's trade secret information.  Shah Decl., Docket No. 42-1 ¶ 2, Ex. A.

Finally, MSI adequately alleges that the trade secret information is related to a product or service used in, or intended for use in, interstate or foreign commerce.  18 U.S.C. § 1836(b)(1).  MSI is a national company servicing customers throughout the United States with over 20 distribution centers throughout the United States and Canada.  Compl., Docket No. 1 ¶ 11.  Furthermore, its products are allegedly imported, sold, and used in interstate and foreign commerce.  Id.  MSI's use of the trade secret information in interstate commerce is further supported by the wide range of states in which customers are located in the spreadsheets containing customer information which Defendants allegedly misappropriated.  See Shah Decl., Docket No.  42-3, Ex. C at 161–82.

Therefore, the Court enters default judgment on MSI's claim for misappropriation of trade secrets under the DTSA.

b.     California Penal Code § 502

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-00152 JVS (JPRx)          Date   November 26, 2018

Title   M S International, Inc. v. Pramod Patel, et al.

California Penal Code § 502, also known as the California Comprehensive Computer Data Access and Fraud Act, criminalizes nine categories of acts regarding knowingly accessing and using without permission a computer or data from a computer. Cal. Penal Code § 502; see also Facebook, Inc. v. Grunin, 77 F. Supp. 3d 965, 971–72 (N.D. Cal. 2015). Section 502 allows for private civil rights of action against violators. Cal. Penal Code § 502(e).

MSI alleges that Defendants violated California Penal Code § 502(c)(1), (2), (3), (4), and (7), which provide:

> (c) Except as provided in subdivision (h), any person who commits any of the following acts is guilty of a public offense:

> (1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property or data.

> (2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.

> (3) Knowingly and without permission uses or causes to be used computer services.

> (4) Knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

computer network.

. . .

(7) Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network.

Cal. Penal Code § 502(c); Compl., Docket No. 1 ¶¶ 53, 56.

All of the subsections of § 502(c) that potentially apply in this case require that Defendants' actions be taken "without permission." See Cal. Penal Code § 502(c)(1)–(3), (7). However, the statute does not expressly define the term "without permission," and the term's meaning is unsettled. See NovelPoster v. Javitch Canfield Grp., 140 F. Supp. 3d 954, 965–67 (N.D. Cal. 2014) (explaining split of authority as to whether "without permission" requires access "in a manner that overcomes technical or code-based barriers"). Courts have provided meaning at least as to subsection (c)(2), which applies to a person who "without permission, takes, copies, or makes use of" data on a computer. Cal. Penal Code § 502(c)(2). The Ninth Circuit has held that this "includes logging into a database with a valid password and subsequently taking, copying or using the information in the database improperly." United States v. Christensen, 828 F.3d 763, 789 (9th Cir. 2015); see also Pierry, Inc. v. Thirty-One Gifts, LLC, No. 17-CV-03074-LB, 2018 WL 1684409, at *10 (N.D. Cal. Apr. 5, 2018). Section 502 (c)(1) similarly applies in relevant part to a person who "without permission . . . uses any data in order to . . . wrongfully control or obtain . . . property or data." Cal. Penal Code § 502 (c)(1)(B). Both provisions prevent unauthorized use of data obtained from a computer system; therefore, the Court finds that the Ninth Circuit's reasoning in Christensen applies with equal force to subsection (c)(1).

The Court finds that MSI sufficiently states a claim under §§ 502(c)(1) and (c)(2).[3]

---

[3] The Court finds that MSI does not adequately allege a violation of Cal. Penal Code § 502(c)(3) and (c)(7) because MSI does not allege that Defendants accessed MSI's computer systems without permission. To the contrary, MSI alleges that Defendants did have permission to access the system in the scope of their employment. Compl., Docket No. 1 ¶¶ 6–7, 19–20. Unlike subsections (c)(1) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

MSI alleges that Defendants accessed MSI's computer systems to copy and email MSI's trade secret information from their MSI company email accounts to personal email accounts on multiple occasions during working hours.  Compl., Docket No. 1 ¶ 26–29.  Defendants allegedly accessed and sent themselves MSI's trade secret information for their own personal benefit, including to gain an unfair advantage in competing business activities.  Id. ¶ 30.  Furthermore, this activity was outside the scope of Defendants' employment, and thus outside the bounds of their authorized access to MSI's computer systems as MSI employees.  Id. ¶ 57.  Thus, Defendants are alleged to have accessed MSI's computer system to wrongfully and without permission use MSI's trade secret information.  Therefore, MSI states a claim under California Penal Code §§ 501 (c)(1) and (c)(2).

>        c.      Cal. Penal Code § 496

California Penal Code § 496 provides:

> Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished. . . . A principal in the actual theft of the property may be convicted pursuant to this section.

Cal. Penal Code § 496(a).  Section 496 further provides, "Any person who has been injured by a violation of subdivision (a) . . . may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable

---

(c)(2), subsections (c)(3) and (c)(7) criminalize only unauthorized *access* to computer systems, not subsequent unauthorized *use* of data.  See Cal. Penal Code § 502(c)(3), (7) (emphasis added).  The also Court finds that MSI does not adequately allege a violation of Cal. Penal Code § 502(c)(4) because the Complaint does not allege that Defendants altered, damaged, deleted, or destroyed any data, software, or program.  However, because MSI adequately states claims under other subsections, its failure to allege a claim under subsections (c)(3), (c)(4) and (c)(7) is immaterial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |

| | |
|---|---|
| Title | M S International, Inc. v. Pramod Patel, et al. |

attorney's fees."  Cal. Penal Code § 496(c).

There are three essential elements of a violation of California Penal Code § 496(a): (1) the property must have been "obtained by theft"; (2) the defendant must have "bought or received" the property, or the defendant must have "concealed or withheld such property from the owner"; and (3) the defendant must have "known at the time he committed one of the acts specified above that the property had been obtained by theft." Varga v. Wells Fargo Bank, N.A., No. CV 16-9650-DMG (KSX), 2017 WL 4022367, at *8 (C.D. Cal. Sept. 12, 2017) (quoting People v. Wielograf, 101 Cal. App. 3d 488, 493 n.1 (1980)).  "Anything that can be the subject of theft can also be property under section 496." Am. Shooting Ctr., Inc. v. Secfor Int'l, No. 13-CV-1847 BTM (JMA), 2016 WL 1182745, at *9 (S.D. Cal. Mar. 28, 2016) (quoting People v. Gopal, 171 Cal. App. 524, 541 (1985)).  Documents on computers may be deemed property subject to theft under the statute.  Id. (citing People v. Dolbeer, 214 Cal. App. 2d 619, 623 (1963) (holding that list of telephone subscribers was property subject to theft, embezzlement, or receiving)).

MSI alleges that Defendants violated California Penal Code § 496(a) because Defendants committed theft by using false pretenses to deprive MSI of its property. Compl., Docket No. 1 ¶ 64.  To prove theft through false pretense, one must show (1) the defendant made a false pretense or representation to the owner of property, (2) with the intent to defraud the owner of that property, and (3) the owner transferred the property to the defendant in reliance on the representation.  Opera Gallery Trading Ltd. v. Golden Trade Fine Art Inc., No. 2:15-CV-00569-SVW-KS, 2016 WL 5339687, at *3 (C.D. Cal. Sept. 7, 2016) (citing People v. Wooten, 44 Cal. App. 4th 1834, 1842 (1996)). "[R]eliance means that the false representation 'materially influenced' the owner's decision to part with his property."  Id.

The Court finds that MSI adequately alleges theft through false pretenses.  In support of its claim for theft through false pretenses, MSI alleges that Defendants misrepresented that they had been, were currently, and would continue to devote themselves faithfully to the business interests of MSI when in actuality they were working for their own interests and the interests of Century to MSI's detriment.  Compl., Docket No. 1 ¶¶ 64–66.  MSI alleges that Defendants deceived MSI to gain possession of money and property belonging to MSI, and MSI in fact transferred Defendants money and property in reliance on these false pretenses.  Id.  MSI alleges that Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

received stolen property in the form of salary, benefits, personal property (<u>e.g.</u> computers, iPads, and cellphones) and trade secret information by concealing their loyalties and plans to leave MSI for Century.  <u>Id.</u> ¶ 66.  MSI would not have transferred or entrusted this property to Defendants had it known of their concealed plans, and thus MSI materially relied on Defendants' false representations.  <u>Id.</u> ¶¶ 65–66.   Accordingly, the Court grants MSI default judgment on its claim under California Penal Code § 496.

     d.    CFAA

    The CFAA, 18 U.S.C. 1030, <u>et seq.</u>, was enacted to enhance the government's ability to prosecute computer crimes and to "target hackers who accessed computers to steal information or to disrupt or destroy computer functionality, as well as criminals who possessed the capacity to access and control high technology processes vital to our everyday lives."  <u>LVRC</u> <u>Holdings</u> <u>LLC</u> <u>v.</u> <u>Brekka</u>, 581 F.3d 1127, 1130 (9th Cir. 2009) (internal quotation marks omitted).  MSI's Complaint invoked §§ 1030(a)(2), (4), and (5).

    To bring a § 1030(a)(2) claim, MSI must allege that Defendants

> (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that they (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value.

<u>Facebook,</u> <u>Inc.</u> <u>v.</u> <u>Grunin</u>, 77 F. Supp. 3d 965, 971 (N.D. Cal. 2015) (quoting <u>Brekka</u>, 581 F.3d at 1132).

    To bring a § 1030(a)(4) claim, MSI must allege that Defendants

> (1) accessed a "protected computer," (2) without authorization or exceeding such authorization that was granted, (3) "knowingly" and with "intent to defraud," and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-00152 JVS (JPRx)              Date    November 26, 2018

Title    M S International, Inc. v. Pramod Patel, et al.

thereby (4) "further[ed] the intended fraud and obtain[ed] anything of value," causing (5) a loss to one or more persons during any one-year period aggregating at least $5,000 in value.

Id. (quoting Brekka, 581 F.3d at 1132).

Section 1030(a)(5) renders liable anyone who

(A) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer; (B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or (C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

18 U.S.C. § 1030(a)(5).

All of the CFAA provisions MSI asserts require that Defendants access computers "without authorization" or by "exceeding authorized access."  18 U.S.C. §§ 1030(a)(2)(c), (a)(4), and (a)(5).  In Brekka, the Ninth Circuit confronted a similar case in which a company accused a former employee of violating the CFAA by e-mailing himself sensitive documents when employed and by continuing to access the company's private website after his employment ended.  581 F.3d at 1129–30.  The Court concluded that "without authorization" in the CFAA refers only to access without any permission at all, stating

[W]e hold that a person uses a computer 'without authorization' under §§ 1030(a)(2) and (4) when the person has not received permission to use the computer for any purpose (such as when a hacker accesses someone's computer without any permission), or when the employer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. | | |

> has rescinded permission to access the computer and the
> defendant uses the computer anyway.

Id. at 1135.  In contrast, "an individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has 'exceed[ed] authorized access.'" Id. at 1133.  A person who exceeds authorized access "has permission to access the computer, but accesses information on the computer that the person is not entitled to access." Id.

The Ninth Circuit further clarified the meaning of "exceeding authorized access" for purposes of the CFAA in United States v. Nosal, 676 F.3d 854 (9th Cir. 2012).  In Nosal, the court dismissed a CFAA charge under § 1030(a)(4) where a former employee asked current employees to steal confidential information to help him start a competing business.  676 F.3d at 856, 864.  Nosal explained using an example which proves instructive here: a person who has permission to access customer lists for use in preparing invoices does not "exceed authorized access" by impermissibly giving those lists to a competitor.  Id. at 859.  Furthermore, the court explained that the CFAA is "a statute whose general purpose is to punish hacking – the circumvention of technological access barriers – not misappropriation of trade secrets – a subject Congress has dealt with elsewhere." Id. at 863.

Here, the Court finds that MSI fails to state a claim for violation of the CFAA because MSI fails to allege that Defendants were "exceeding [their] authorized access" of MSI's computer systems.  MSI concedes that Defendants had permission to access MSI's computer system during their employment with MSI.  Shah Decl., Docket No. 38 ¶ 1; Patel Decl., Docket No. 39 ¶ 1.  Thus, Defendants cannot have been "without authorization," and must have "exceed[ed] authorized access" to state a plausible claim. 18 U.S.C. § 1030(a)(2), (4), (5).  However, as the Ninth Circuit stated in Brekka, to exceed authorized access, Defendants must have accessed information on MSI's computers that they were not entitled to access.  581 F.3d at 1133.  MSI does not allege that Defendants accessed information that they did not have permission to access. Rather, MSI's allegations focus on Defendants' actions after accessing the information which they did in fact have permission to access, e.g., emailing the information to themselves and using it to unfairly compete.  See Nosal, 676 F.3d at 863 (holding that the phrase "exceeds authorized access" in the CFAA does not extend to violations of use

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|
| Title | M S International, Inc. v. Pramod Patel, et al. | | |

restrictions).  Thus, because MSI does not allege that Defendants accessed MSI's computers "without authorization" or by "exceeding authorized access," MSI's claim under the CFAA fails, and MSI's request to enter default judgment on that claim is denied.

      e.    Fraud and Deceit

To state a claim for fraud, MSI must plead "with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Thus, claims for fraud must be supported by specific factual allegations that apprise the defendant of the "who, what, when, where, and how" of the fraudulent conduct charged.  Vess, 317 F.3d at 1106.  To assert a claim for fraud or misrepresentation, a plaintiff must allege (a) misrepresentation; (b) knowledge of falsity (scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damages.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009); see also Cal. Civ. Code §§ 1709–10.

"Deceit based on concealment, not misrepresentation, additionally requires that the defendant was under a duty to disclose the fact to the plaintiff."  Copart, Inc. v. Sparta Consulting, Inc., 277 F. Supp. 3d 1127, 1148 (E.D. Cal. 2017) (citing Mktg. West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal. App. 4th 603, 612–13 (1992)).  A fraudulent omission is actionable if the omission is "of a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."  Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 835 (2006).  To allege a duty to disclose, a plaintiff must show that the defendant (1) is in a fiduciary relationship with the plaintiff; (2) had exclusive knowledge of material facts not known to the plaintiff; (3) actively conceals a material fact from the plaintiff; or (4) makes partial representations but also suppresses some material fact.  LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997).

The Court finds that MSI sufficiently states a claim for fraud.  MSI alleges that, from July to September 2017, Defendants misrepresented themselves to MSI that they were devoted and would continue to devote their full time and energy to work for MSI. Compl., Docket No. 1 ¶¶ 78, 81.  Furthermore, MSI alleges that Defendants omitted disclosing to MSI their fraudulent scheme to use MSI's assets and resources for their own personal benefit and the benefit of Century, MSI's competitor.  Id. ¶ 79.  MSI alleges that, based on their position of trust and confidence with MSI as MSI employees,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|
| Title | M S International, Inc. v. Pramod Patel, et al. | | |

Defendants had a duty to disclose their work for a competitor and their true motivations before exploiting MSI's time, computer data, and resources for interests counter to those of MSI.  Id. ¶ 82.  MSI further alleges that the misrepresentations and omissions were material, because had MSI known of Defendants' concealed plans to take MSI's trade secret information and use it for the benefit of a competitor, MSI would not have paid Defendants any of the compensation they received as employees or granted them access to any of MSI's computers, data, records, or materials.  Id. ¶ 80.  Thus, MSI alleges that Defendants actions were done with the intent to defraud MSI, and that MSI justifiably relied on their fraudulent misrepresentations and omissions.  Id. ¶¶ 83–84.

MSI alleges that it was damaged because Defendants exploited their deception to access, use, and take MSI's trade secret information and computer data to enrich themselves and Century, MSI's direct competitor.  Id. ¶ 82.  MSI alleges damages with sufficient particularity because disgorgement of salary and benefits is an appropriate remedy where an employee is alleged to have breached a duty of loyalty to an employer by secretly competing with his employer.  Huntair, Inc. v. Gladstone, 774 F. Supp. 2d 1035, 1045 (N.D. Cal. 2011) (citing Serv. Emp. Int'l Union, Local 250 v. Colcord, 160 Cal. App. 4th 362, 371 (2008)).  Moreover, MSI points to emails sent by Defendants from their work email accounts to their personal email accounts containing valuable trade secret information, which Defendants would not have had access to absent their failure to disclose their scheme.  Id. ¶¶ 26–29.  This constitutes specific information which Defendants allegedly misappropriated as a result of their fraud, giving themselves and Century a competitive advantage which they otherwise would not have obtained, thereby unjustly enriching themselves at MSI's expense.  Id. ¶ 85.

Therefore, the Court grants MSI's request to enter default judgment as to its claim for fraud and deceit.

> f.      UCL

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  The "unlawful" prong of the UCL treats violations of other federal, state, regulatory, or court-made law as unlawful business practices independently actionable under state law.  Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1074 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

2003) (citation omitted).  The legal standard applied to "unfair" UCL claims is unsettled. Yanting Zhang v. Superior Court, 57 Cal. 4th 364, 380 n.9 (2013) (declining to resolve conflicting lower court opinions).  A number of tests have been applied by California courts.  Under the balancing test, courts consider whether a "practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and weigh "the utility of the defendant's conduct against the gravity of the harm to the alleged victim." Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1169 (9th Cir. 2012) (citation omitted).  Under the public policy test, courts focus on whether the challenged conduct violates a public policy that is tethered to specific constitutional, statutory or regulatory provisions.  See Aleksick v. 7-Eleven, Inc., 205 Cal. App. 4th 1176, 1192 (2012).  A business act is fraudulent within the meaning of § 17200 if "members of the public are likely to be deceived." Comm. on Children's Television v. Gen. Foods Corp., 35 Cal. 3d 197, 211 (1983).

MSI does not allege that "members of the public are likely to be deceived" by any of Defendants' acts.  See Children's Television, 35 Cal. 3d at 211.  Thus, they have not established a UCL violation based on the fraudulent prong.  MSI has not alleged any policy tethered to a state or federal constitutional, statutory, or regulatory provision. See Aleksick, 205 Cal. App. 4th at 1192.  Nor has MSI alleged that the gravity of their harm outweighs the utility of Defendants' conduct.  Thus, MSI also fails to establish a UCL violation based on the unfair prong.

However, the Court finds that MSI states a claim under the unlawful prong of the UCL.  The unlawful prong of the UCL treats violations of other federal, state, regulatory, or court-made law as unlawful business practices independently actionable under state law.  Nat'l Rural Telecomm., 319 F. Supp. 2d at 1074.  Here, as noted above, the Court enters default judgment in favor of MSI on its misappropriation of trade secrets claim, its claims under California Penal Code §§ 502 and 496, and its fraud claim.  Thus, the Court enters default judgment on MSI's claim for violation of the unlawful prong of the UCL.

3.    Sum of Money at Stake

The fourth Eitel factor requires that the Court "consider the amount of money at stake in relation to the seriousness of Defendants' conduct." PepsiCo, 238 F. Supp. 2d at 1176.  In doing so, the Court must "assess whether the recovery sought is proportional to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-00152 JVS (JPRx)                    Date    November 26, 2018

Title    M S International, Inc. v. Pramod Patel, et al.

the harm caused by [a] defendant's conduct." Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010).

MSI seeks a default judgment of $2,049,550.32. App., Docket No. 40 at 3–4. This total includes $667,098.74 in lost profits, $1,366,366.90 in treble damages pursuant to California Penal Code § 496(c), and $16,084.70 in restitution and disgorgement of ill-gotten gains for benefits and compensation paid to Defendants. Id. at 4, 12; Shah Decl., Docket No. 42-1 ¶¶ 5–12. MSI also seeks $80,434.50 in attorneys fees', pre- and post-judgment interest at the maximum legal rate, and $2,541.37 in costs. App. Docket No. 40 at 4; Zielinski Decl., Docket No.40-10 ¶ 17. The damages represent MSI's lost profits as a result of Defendants' wrongful conduct, restitution of salary paid to Defendants while they were deceiving MSI, and treble damages under California Penal Code § 496(c). As noted below, while the amount of damages sought is significant, MSI justifies the damages with supporting evidence. See infra, section IV.C.2. In addition, MSI adequately justifies its claims for attorneys' fees and costs. Id. section IV.C.4. Therefore, the damages are proportional to MSI's harm.

### 4.    Possibility of Disputed Material Facts

The fifth Eitel factor examines whether there is likelihood of a dispute of material facts. 782 F.2d at 1472. A court accepts all well-pleaded factual allegations in a complaint as true when examining whether to grant a default judgment. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987). When a plaintiff pleads the facts that are necessary for him to prevail on his claims, a dispute over material facts is unlikely. Castworld, 219 F.R.D. at 498.

Here, Defendants fail to rebut the presumption in MSI's favor because Defendants did not oppose MSI's application for default. Furthermore, the Court has already determined that Defendants failed to present the possibility of a meritorious defense in their separate motion to set aside entry of default. Supra, section III.B. Therefore, this factor also favors granting the application.

### 5.    Possibility of Excusable Neglect

The sixth Eitel factor considers whether a defendant's inaction is due to excusable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

neglect. 782 F.2d at 1472. Excusable neglect is unlikely when a defendant is properly served and, therefore, aware of a plaintiff's pending action in court. Wecosign, Inc., v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, the Defendants have been properly served. Therefore, there is very little possibility of excusable neglect.


6.    Policy for Deciding Cases on the Merits

There is a strong policy for deciding cases on their merits "whenever reasonably possible." Eitel, 782 F.2d at 1472. Nevertheless, a defendant's failure to appear or to meaningfully participate in litigation makes a decision on the merits "impractical if not impossible." Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 338, 392 (C.D. Cal. 2005); Wecosign, 845 F. Supp. 2d at 1083.

Here, although Defendants have appeared, they have failed to meaningfully participate in this litigation. Defendants have refused to participate in the discovery process. Furthermore, Defendants have failed to answer the Complaint or file a notice of interested parties. Defendants' motion to set aside default judgment three months after learning of the clerk's entry of default is an insufficient basis on which to argue that Defendants have meaningfully participated. Therefore, this factor does not preclude default judgment.

Accordingly, the consideration of the Eitel factors supports the entry of default judgment as to MSI's claims for misappropriation of trade secrets under the DTSA, violation of California Penal Code §§ 502 and 496, fraud, and violation the UCL. However, the Court declines to enter default judgment on MSI's claim for violation of the CFAA.

**C.    Relief**

Any relief sought on the basis of a default judgment is limited to what was demanded in the pleadings. Fed. R. Civ. P. 54(c). MSI now seeks injunctive relief, damages, treble damages, attorneys' fees, costs, and interest. App., Docket No. 40 at 3–4. MSI also seeks an order requiring Defendants to return all of MSI's trade secret information and other MSI property, and an order requiring Defendants to deliver to MSI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.      SACV 18-00152 JVS (JPRx)                    Date    November 26, 2018

Title      M S International, Inc. v. Pramod Patel, et al.

for destruction any and all merchandise or items in their possession, custody, or control that would violate the proposed injunction.  Id. at 3.  These forms of relief are all requested in the Complaint. Compl., Docket No. 1, Prayer for Relief.  Although the Complaint also seeks punitive damages, MSI expressly declined to seek punitive damages upon entry of default judgment.  App., Docket No. 40 at 16.

    1.    Injunctive Relief

    MSI seeks a permanent injunction against Defendants.  Compl., Docket No. 1, Prayer for Relief ¶ 2.  Based on the foregoing analysis, the Court has entered default judgment as to three of MSI's causes of action which allow for injunctive relief:  18 U.S.C. § 1836(b)(3)(A), California Penal Code § 502(e)(1), and California Business and Professions Code § 17203.[4]

    Permanent injunctive relief is appropriate if the party seeking the injunction demonstrates

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent

---

[4] 18 U.S.C. § 1836(b)(3) allows a court to grant an injunction for misappropriation of trade secrets "to prevent any actual or threatened misappropriation . . . on such terms as the court deems reasonable, provided the order does not (I) prevent a person from entering into an employment relationship, and that conditions placed on such employment shall be based on evidence of threatened misappropriation and not merely on the information the person knows; or (II) otherwise conflict with an applicable State law prohibiting restraints on the practice of a lawful profession, trade, or business."  18 U.S.C. § 1836(b)(3)(A)(i).  California Penal Code § 502 allows the party suffering damage or loss under § 502(c) to bring a civil action against the violator for injunctive relief.  Cal. Penal Code § 502(e)(1).  The UCL allows the Court to enjoin violators "as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition . . . or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.  Cal. Bus. & Prof. Code § 17203.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); see also Geerston Seed Farms v. Johanns, 541 F.3d 938, 943 (9th Cir. 2008).

Here, MSI alleges that Defendants are misappropriating its trade secrets and continue to do so to unfairly compete directly with MSI.  See generally Complaint, Docket No. 1.  Based on the allegations in MSI's Complaint, which are taken as true, the Court concludes that Defendants' continued misappropriation of MSI's trade secrets is irreparably harming MSI by interfering with its property rights and its business.  A monetary remedy is inadequate because Defendants will have the ongoing ability to continue to misappropriate MSI's trade secrets to MSI's detriment.  The Court also finds, in balancing the hardships, that MSI would more likely be injured if injunctive relief were wrongfully denied than Defendants would be if injunctive relief were wrongfully granted.  Lastly, an injunction is in the public interest because it serves as a deterrent to Defendants and third parties that seek to misappropriate the trade secrets of MSI or others.  Accordingly, the Court finds that injunctive relief is appropriate.

"Generally, an injunction must be narrowly tailored to remedy only the specific harms shown by a plaintiff, rather than to enjoin all possible breaches of the law." Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1062 (N.D. Cal. 2010); see also Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004); Iconix, Inc. v. Tokuda, 457 F. Supp. 2d 969, 998 (N.D. Cal. 2006).  The Court has reviewed the language of MSI's proposed injunction.  With the exception of paragraph (c), the Court is satisfied that the language is not overbroad because it enjoins Defendants from engaging in the offending conduct previously addressed in this Order.  As to paragraph (c), the Court finds it to be an overbroad proscription against Defendants engaging in even lawful competition with MSI.[5]  "A former employee has the right to engage in a competitive business for himself and to enter into competition with his former employer, even for the business of those who had formerly been the customers of his former employer, provided such competition is fairly and legally conducted."  StrikePoint Trading, LLC v. Sabolyk,

---

[5] Paragraph (c) requests that the Court enjoin Defendants and those acting in concert with them from, "[f]or a period of at least two years, doing business with any customer, vendor, or supplier of MSI."  Compl., Docket No. 1, Prayer for Relief ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-00152 JVS (JPRx)                    Date   November 26, 2018

Title   M S International, Inc. v. Pramod Patel, et al.

No. SACV071073DOCMLGX, 2009 WL 10659684, at *6 (C.D. Cal. Aug. 18, 2009)
(quoting <u>Cont'l Car-Na-Var Corp. v. Moseley</u>, 24 Cal. 2d 104, 110 (1944)).  The Court
will therefore issue a permanent injunction consistent with the language set forth in ¶ 2 of
MSI's Prayer for Relief, with the exception of paragraph (c).

    2.   <u>Damages</u>

    MSI also seeks an award of monetary damages.  On an application for default
judgment, the factual allegations in the complaint are taken as true, with the exception of
those regarding damages.  <u>See Pope v. United States</u>, 323 U.S. 1, 12 (1944); <u>Geddes v.
United Financial Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977).  "A default judgment must not
differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R.
Civ. P. 54(c).

    The DTSA authorizes recovery to a prevailing party in the amount of "damages for
the actual loss caused by misappropriation of the trade secret" and also "damages for any
unjust enrichment caused by the misappropriation of the trade secret that is not addressed
in computing damages for actual losses."  18 U.S.C. § 1836(b)(3)(C).  MSI seeks the
following in damages:

        $667,098.74 in damages, including lost profits

        $16,084.70 in restitution and disgorgement of ill-gotten
        gains

        $1,366,366.90 in treble damages pursuant to California
        Civil Code § 496(c)[6]

App., Docket No. 40 at 4.

    MSI acknowledges that it is difficult for it to accurately calculate the exact amount
of damages suffered as a result of Defendants' conduct because of Defendants' failure to

---

    [6] MSI's treble damages calculation is off by two cents.  The correct treble damages calculation is
actually $ $1,366,366.88, not $1,366,366.90.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |

| | |
|---|---|
| Title | M S International, Inc. v. Pramod Patel, et al. |

participate in discovery. Id. at 2; Compl., Docket No. 1 ¶ 35. In support of its claim for $667,098.74 in damages, MSI submitted spreadsheet calculations estimating the lost profits of 86 clients serviced by Defendants in the Chicago division before they left MSI to work for Century. Shah Decl., Docket No. 42-1 ¶¶ 5–12, Ex. F. To calculate the lost profits, MSI imputed to those 86 clients the average growth rate of sales to other clients in MSI's Chicago division, which was 14%. Shah Decl., Docket No. 42-1 ¶ 6, Ex. F. MSI applied the 14% growth rate to the sales to those clients from August 1, 2016 to December 31, 2016, and then compared that number to the actual sales to those 86 clients from August 1, 2017 to December 31, 2017. Shah Decl., Docket No. 42-1 ¶ 7, Ex. F. After subtracting the variable cost of selling, general, and administrative (SG&A), which was approximately 8.54% of total sales per client from August 1, 2017 to December 31, 2017, MSI calculated that its estimated the total lost net profit for the 86 clients to be $238,249.55, or $47,649.91 in lost net profits per month ($238,249.55 divided by 5 months). Shah Decl., Docket No. 42-1 ¶ 8, Ex. F. MSI then applied that $47,649.91 number to each of the nine months from January to August 2018, estimating an additional $428,849.19 in lost profits. Shah Decl., Docket No. 42-1 ¶ 9, Ex. F.

MSI also seeks restitution for Defendants' pay and benefits between July 22, 2017 and the Defendants' dates of termination – August 25, 2017 for Shah, and September 11, 2017 for Patel. Shah Decl., Docket No. 42-1 ¶ 11. In support of its request for $16,084.70 in restitution, MSI submitted each of Defendants' pay statements for the relevant time period. Id. ¶¶ 11–12, Exs. G, H.

At the initial hearing on this matter on October 15, 2018, the Court invited MSI to provide supplemental evidence of a causal link between Defendants' actions and the lost profits sought. MSI did so on November 2, 2018. Docket No. 54. MSI's lost-profit calculations involve a degree of speculation, but taking into account that MSI has been prevented from taking discovery from Defendants, the Court finds that MSI's methodology and supporting documentation demonstrates that it is entitled to $667,098.74 in lost profits. MSI submitted the declaration "Customer A," a former MSI client who was contacted on his private cell phone number by Shah to solicit his business, despite never giving out the number to Shah. Docket No. 54-2. In addition, "Customer B," another former MSI client, declared that he would not have purchased anything from Century but for Shah's repeated solicitations and representations that Century could beat MSI's prices. Docket No. 54-3. Further supporting a causal link between Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | M S International, Inc. v. Pramod Patel, et al. |
|---|---|

wrongdoing and MSI's lost profits is the August 25, 2017 e-mail sent by Shah to himself containing confidential customer information for over 850 MSI customers.  Docket No. 54-10.  Finally, MSI submitted a Customer Sales Analysis showing a consistent sales growth rate for August to December of 2014 through 2016, followed by a -43% growth rate for August to December 2017 after Defendants left MSI for Century.  Docket No. 53-12.  Based on the foregoing, the Court is satisfied that MSI adequately supports its claim for $667,098.74 in lost profits.

MSI also adequately supports its claim for $16,084.70 in restitution by submitting Defendants' pay statements.  Lastly, the Court grants treble damages because the Court already decided to enter default judgment on MSI's claim under California Penal Code § 496, which allows for treble damages.  Cal. Penal Code § 496(c).

Therefore, the Court finds that MSI adequately supports its total claim for $2,049,550.32 in damages.

3.    Interest

MSI also requests pre- and post-judgment interest at the maximum legal rate.  App., Docket No. 40 at 4.

"In action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."  Cal. Civ. Code § 3288.  Courts have interpreted "in the discretion of the jury" to mean in the discretion of the trier of fact.  See, e.g., 02 Micro Intern. Ltd. v. Monolithic Power Sys., Inc., 420 F. Supp. 2d 1070, 1076 (C.D. Cal. 2006); Michelson v. Hamada, 29 Cal. App. 4th 1566, 1586–87 (1994).  California law specifies a 7 percent annual interest rate for fraud claims.  Cal. Const. art. XV, § 1; Michelson, 29 Cal. App. 4th at 1587.  Therefore, the Court awards 7 percent prejudgment interest on MSI's claims.  MSI filed this action on January 26, 2018, approximately 6.5 months before the date of final judgment.  Compl., Docket No. 1.  Thus, 6.5 months is an appropriate time period in which to calculate final judgment.  Calculating interest on the damages awarded herein, the Court finds that an award of $77,712.11 is appropriate ($2,049,550.32 x .07 x 6.5/12 = $77,712.11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00152 JVS (JPRx) | Date | November 26, 2018 |

| | |
|---|---|
| Title | M S International, Inc. v. Pramod Patel, et al. |

Furthermore, post-judgment interest applies to any civil recovery in a district court. 28 U.S.C. § 1961. Thus, the Court grants MSI's request for post-judgment interest, which shall accrue "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Id.

    4.    <u>Attorneys' Fees and Costs</u>

        a.    Whether MSI is Entitled to Reasonable Attorneys' Fees

MSI argues that it is entitled to reasonable attorneys' fees. App., Docket No. 40 at 15. California Penal Code § 502 states "[i]n any action brought pursuant to this subdivision the court may award reasonable attorney's fees." Cal. Penal Code § 502(e)(2). In addition, under the DTSA, "a court may . . . if a claim of [trade secret] misappropriation is made in bad faith, which may be established by circumstantial evidence, . . . or the trade secret was willfully and maliciously appropriated, award reasonable attorney's fees to the prevailing party." 18 U.S.C. § 1836(b)(3)(D). Here, the Court enters default judgment in MSI's favor on both its claim under California Penal Code § 502(e)(2) and its DTSA claim. Furthermore, the Complaint alleges that Defendants' wrongful conduct was willful and intentional. See Compl., Docket No. 1 ¶ 50. For purposes of an application for default judgment, all well-pleaded allegations in the complaint are accepted as true. <u>Heidenthal</u>, 826 F.2d at 917–18 . Thus, an award of attorneys' fees is proper.

MSI also argues that it is entitled to costs as the prevailing party. App., Docket No. 40 at 15. The Court agrees. See 15 U.S.C. § 1117(a); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party.").

        b.    Reasonableness of the Fees Requested

In the original application for default judgment, counsel for MSI declared that his firm had billed $57,893 in fees and $2,026.22 in costs in this matter as of August 31, 2018. Zielinski Decl., Docket No. 40-10 ¶ 17. At the hearing on October 15, 2018, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-00152 JVS (JPRx)                Date   November 26, 2018

Title   M S International, Inc. v. Pramod Patel, et al.

Court continued the hearing on this matter to November 7, 2018, and directed counsel for MSI to submit supplemental evidence sufficient for the Court to make a lodestar calculation.  Docket No. 51.  Counsel did so on November 2, 2018, requesting $80,434.50 in fees and $2,541.37 in costs, increased to reflect work completed on this matter between August 31, 2018 and November 1, 2018.  Suppl. Sinclair Decl., Docket No. 52 ¶ 4, Exs. 11–13.  On November 5, 2018, after reviewing MSI's supplemental submission, the Court ordered counsel for MSI to submit (1) a breakdown of the hours worked on this matter; and (2) unredacted versions of the relevant invoices for in camera review.  Docket No. 57.  MSI submitted evidence in accordance with the Court's request on November 13, 2018.  Notice of Lodging, Docket No. 58.

"The use of the lodestar method for calculating attorney fees was established in California in [Serrano v. Priest, 20 Cal. 3d 25, 48 (1977)]."  Thayer v. Wells Fargo Bank, N.A., 92 Cal. App. 4th 819, 833 (2001).  "The first step involves the lodestar figure–a calculation based on the number of hours reasonably expended multiplied by the lawyer's hourly rate."  EnPalm, LLC v. Teitler, 162 Cal. App. 4th 770, 774 (2008) (quotation marks and citations omitted).  Second, the Court may adjust the lodestar figure "based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided."  Id. (quotation marks and citations omitted); see also Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) ("[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.").  Factors to be considered in adjusting the lodestar include "the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances in the case."  EnPalm, 162 Cal. App. 4th at 774 (citation omitted) (emphasis in original).

MSI seeks $80,434.50 in fees to compensate for work done by its counsel Rutan & Tucker, LLP ("Rutan & Tucker") on this matter from February 13, 2018 to November 1, 2018.  Id. ¶¶ 1, 4.  Specifically, MSI seeks fees based on the work of Rutan & Tucker Partner Mark Payne ("Payne"), Partner Brian Sinclair ("Sinclair"), Senior Associate Kenneth Zielinksi ("Zielinski"), Associate Seth Ort ("Ort"), Paralegal and Technical Support Specialist Dennis Nakata ("Nakata"), and Technical Application Specialist James Bresnen ("Bresnen").  Id. ¶ 2.  Sinclair declares that those who worked on this matter use the following standard hourly rates for 2018:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-00152 JVS (JPRx)                    Date    November 26, 2018

Title    M S International, Inc. v. Pramod Patel, et al.

- Payne – $595/hour
- Sinclair – $525/hour
- Zielinski – $400/hour
- Ort – $360/hour
- Nakata – $215/hour
- Bresnen – $100/hour

Id.  Counsel for MSI also submitted firm biographies for Payne, Zielinski, and Ort to demonstrate their experience and skill in employment litigation.  Id. ¶ 3, Exs. 1–3.  Based on the submitted evidence, the nature of this dispute, and the Court's knowledge and experience, the Court finds that the hourly rates billed by Rutan & Tucker were reasonable and commensurate with their experience and skill.

In total, Rutan & Tucker billed 197.20 hours on this matter.  The hours broke down as follows:

- Payne – 21.9 hours
- Sinclair – 2.9 hours
- Zielinski – 125.8 hours
- Ort – 38.9 hours
- Nakata – 6.9 hours
- Bresnen – 0.8 hours

Id. Exs. 4–13.  The Court finds that this distribution of work and the total number of hours spent to be reasonable under the circumstances of the case.

In addition, the Court has reviewed the invoices submitted for in camera review, and finds that Rutan & Tucker performed reasonable tasks in representing MSI in this matter.  The Court does not find any "padding" in the form of inefficient or duplicative efforts.  Furthermore, the Court does not find that factors such as the nature and difficulty of the litigation or other circumstances warrant any adjustment to the lodestar calculation.  Therefore, the Court will not adjust the lodestar calculation of $80,434.50 in fees.

Finally, the Court also finds MSI's request for $2,541.37 in costs to be reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-00152 JVS (JPRx)          Date   November 26, 2018

Title   M S International, Inc. v. Pramod Patel, et al.

### V. CONCLUSION

Based on the foregoing, the Court **denies** Defendants' motion to set aside entry of default.  The Court **grants in part** and **denies in part** MSI's application for default judgment.

The Court grants MSI's application for default judgment as to the following claims: (1) misappropriation of trade secrets in violation of the DTSA, 18 U.S.C. § 1836(b); (2) violation of California Penal Code § 502; (3) violation of California Penal Code § 496; (4) fraud and deceit; and (5) violation of the UCL, Cal. Bus. & Prof. Code §§ 17200, et seq.  The Court denies MSI's application for default judgment as to its claim under the CFAA, 18 U.S.C. § 1030.

The Court grants MSI's request for a permanent injunction against Defendants consistent with the following language.  Defendants and all persons or entities acting in concert with them are permanently enjoined from directly or indirectly:

> (a) Obtaining, using, or disclosing any of MSI's customer or vendor lists; customer information or preferences; pricing data; product information or sourcing; contract details; information relating to pricing, sales, margin, profitability, discounts, or credit terms; sources of material; or information relating to market competitors (MSI's "Trade Secrets") or other data belonging to MSI, for any purpose whatsoever;

> (b) Accessing, retrieving, copying, deleting, destroying, altering, or disseminating any hard or electronic copies of MSI's Trade Secrets, data, or documents;

> (c) Using or disclosing MSI's Trade Secrets to solicit or accept business from MSI's customers

Defendants and all persons or entities acting in concert with them are hereby ordered to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-00152 JVS (JPRx)                    Date    November 26, 2018

Title    M S International, Inc. v. Pramod Patel, et al.

(a)  Return all of MSI's Trade Secrets and other MSI property in their possession, custody, or control, and

(b) Deliver to MSI for destruction any and all merchandise or other items in their possession, custody, or control that would otherwise violate the injunction.

The Court further awards $77,712.11 in pre-judgment interest, and $2,049,550.32 in damages.

Finally, the Court awards MSI $80,434.50 in attorneys' fees and $2,541.37 in costs.

**IT IS SO ORDERED.**

**Plaintiff's Counsel shall prepare, serve and submit, within 7 days,  a proposed judgment consistent with the Court's ruling.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |